No. 3242.—PUEBLO, apdo., *v.* JIMÉNEZ, aplte.—C. D. Humacao. Infracción Ley de Automóviles. Junio 25, 1927. Confirmada la sentencia apelada por los fundamentos del caso No. 3243, de *Pueblo* v. *Jiménez,* de Junio 25, 1927, por ser idéntica la acusación, siendo las mismas las cuestiones levantadas y resueltas adversamente al acusado.

EX PARTE TORRES, peticionario.—Admisión al ejercicio de la abogacía. Junio 25, 1927.

POR CUANTO la vigente ley No. 38 de 1916 determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico disponía en su sección 3ª que las personas que no hubieran obtenido un diploma de abogado en Universidad o escuela de derecho acreditadas de los Estados Unidos podrían ser admitidas a examen ante el tribunal de exámenes nombrado por la Corte Suprema de Puerto Rico de acuerdo con dicha ley siempre que ante un tribunal de la Universidad de Puerto Rico sufriesen un examen de las asignaturas que la sección 3ª de dicha ley expecificaba y las aprobasen con un promedio no menor de 75 por ciento para cada curso; siendo el certificado final de aprobación que expidiera ese tribunal a los efectos del examen de reválida equivalente al diploma de abogado requerido por la expresada ley.

POR CUANTO la sección 3ª que hemos extractado fué enmendada por la Ley No. 91 de agosto 22, 1925, para que lea como sigue:

"Sección 3.—Cualquiera persona que no haya sido admitida anteriormente al ejercicio de la abogacía o con derecho a serlo con

posterioridad, de acuerdo con lo prescrito en la sección primera de esta Ley, y que no haya obtenido un diploma de abogado según lo que se establece en la sección 2 de esta ley, podrá obtener dicho diploma de la Universidad de Puerto Rico y ser admitido al examen dispuesto en la referida sección, siempre que hubiere cumplido previamente con los requisitos establecidos por la Junta de Síndicos de la Universidad de Puerto Rico, como condición para poder ingresar como estudiante de derecho en el Colegio de Leyes de dicha Universidad, y hubiere aprobado el mismo examen de todas las asignaturas exigidas por ésta, a sus estudiantes regulares para obtener el diploma de Bachiller en Leyes; *Disponiéndose,* que las personas que deseen sufrir los exámenes determinados por esta Ley, deberán solicitar, del Decano de la Facultad de Derecho de la Universidad de Puerto Rico, con no menos de sesenta días de anticipación a la fecha en que hayan de celebrarse los exámenes finales de cada curso en la Universidad, su inscripción como estudiante por enseñanza libre; debiendo así mismo, tales personas, al solicitar dicha inscripción, y como condición para que la misma pueda verificarse, acreditar que han llenado los requisitos exigidos por la Junta de Síndicos para el ingreso en el Colegio de Leyes, y que han pagado al Tesorero de la Junta de Síndicos de la Universidad, los derechos de inscripción que fijare dicha Junta; los cuales derechos no excederán de los derechos de matrícula que por igual curso, deban satisfacer los estudiantes regulares de la Facultad de derecho. Los exámenes de cada una de dichas asignaturas deberán sufrirse por escrito, al mismo tiempo en igual extensión que los exámenes que deban sufrir los estudiantes regulares; y sólo será aprobado el que obtenga en cada asignatura un promedio no menor de 75 por ciento; entendiéndose, que el estudiante que fuere suspendido en no más de dos de las asignaturas correspondientes al curso para el cual se haya presentado a examen, podrá repetir, al examinarse del curso siguiente, el examen de la asignatura que dejó de aprobar; pero si hubiere dejado de aprobar más de dos asignaturas de un curso cualquiera no podrá tomar el examen del curso siguiente sin haber antes sufrido examen y aprobado las asignaturas del curso anterior que no hubiere aprobado.

"El diploma de abogado que se expidiere de acuerdo con esta sección, equivaldrá a todos los efectos legales al de Bachiller en Leyes que expide la Universidad, siempre que el alumno hubiere asistido durante un curso completo a las clases regulares de la Universidad, de seis asignaturas por lo menos, de las comprendidas en el *curriculum* del Colegio de Leyes; *Disponiéndose,* que los alumnos

que hubieran comenzado sus estudios con anterioridad a esta Ley podrán optar entre acogerse a la misma o continuar sometidos a las disposiciones de la Ley vigente; debiendo sin embargo, satisfacer, en todo caso los derechos de inscripción previstos anteriormente; *Y disponiéndose, además,* que aquellos alumnos comprendidos en el *disponiéndose* precedente que optaren por someterse a las disposiciones de esta Ley, que no hubieren cumplido con los requisitos exigidos por la Junta de Síndicos para ingresar como estudiantes del Colegio de Leyes, podrán ser admitidos sin embargo como estudiantes libres de éste a condición de que no se les expedirá el diploma de Bachiller en Leyes sin haber antes cumplido con dicho requisito.''

POR CUANTO posteriormente, en 20 de abril de 1927, fué aprobada la Ley No. 12, vigente desde esa fecha, para enmendar el párrafo 2º de la sección 2ª de la Ley No. 38 de 1916 de modo que lea como sigue:

''2. Sufrir ante la Corte Suprema de Puerto Rico o ante el tribunal de exámenes que, de acuerdo con la sección 6 de esta Ley, ella designe, un examen oral general de todas las materias especificadas en la sección 3 de la misma por el orden en que allí se consignan; *Disponiéndose,* que las personas que se gradúen de abogados en la facultad de derecho de la Universidad de Puerto Rico a partir del curso escolar correspondiente al año 1927–1928, éste inclusive, y que hubieren aprobado cuatro cursos anuales en dicha Facultad de Derecho, y cursado, además, un año, por lo menos, de estudios preparatorios en adición a los propios de la escuela superior, no estarán obligados a sufrir el examen expresado anteriormente; pero para que el Tribunal Supremo de Puerto Rico pueda expedir y les expida al efecto la licencia para el ejercicio de la abogacía e inscriba sus nombres en el registro de abogados con derecho a ejercer la profesión en la Isla, el aspirante deberá presentar a dicho Tribunal Supremo su título de abogado debidamente autorizado y obtenido después de haber pasado, además de los exámenes anuales de cada asignatura de derecho, un examen final de graduación, teórico y práctico, que comprenderá todas las asignaturas de la carrera, de acuerdo con los reglamentos universitarios; *Y disponiéndose, además,* que los que a la terminación del curso escolar 1926–27, hubieran aprobado los exámenes determinados en la sección tercera de la Ley referida en el título de la presente, serán admitidos al ejercicio de la abogacía en igual forma que los que se gradúen a partir del curso escolar correspondiente al año de 1927–28, sin que a ellos

sea aplicable el requisito de haber cursado un año ·por lo menos de estudios preparatorios como anteriormente se dispone.''

POR CUANTO Don Angel M. Torres, varón, mayor de 21 años de edad, y ciudadano de los Estados Unidos, nos ha demostrado haber estudiado y aprobado por enseñanza libre las asignaturas de los cuatro años de la Facultad de Derecho especificadas en la sección 3ª de la Ley No. 38 de 1916 con un promedio no menor de 75 por ciento para cada curso, y que asistió personalmente al curso regular de la Universidad de Puerto Rico durante dos años, aprobando más de las seis asignaturas requeridas por la ley, según su declaración jurada, la del Decano del Colegio de Leyes de dicha Universidad y según aparece del certificado que nos presenta del secretario de la expresada Universidad, y que aprobó en ella el examen final teórico y práctico requerido por la Ley No. 12 de 1927 antes citada, cumpliendo así los requisitos exigidos por la ley para ser admitido al ejercicio de la profesión de abogado sin examen ante el ·tribunal que nombre esta Corte Suprema.

POR TANTO: Se admite a Don Angel M. Torres, al ejercicio de la abogacía previo informe favorable de la Comisión de Reputación de Abogados.

EX PARTE MIGUEL A. GARCÍA DEL ROSARIO, peticionario.— Admisión al ejercicio de la abogacía. Junio 25, 1927.

POR CUANTO la ley vigente, No. 38 de 1916 determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico autoriza por su sección 2ª a ejercer la profesión de abogado en esta Isla a las personas que hayan obtenido un diploma de abogado en cualquier universidad o escuela de derecho acreditadas de los Estados Unidos, si fué obtenido en las condiciones que la ley dice y cumpliendo varios requisitos, siendo uno de éstos el siguiente:

''2º Sufrir ante la Corte Suprema de Puerto Rico o ante el tribunal de exámenes que, de acuerdo con la sección 6 de esta Ley, ella designe, un examen oral general de todas las materias especificadas en la sección 3 de la misma por el orden en que allí se consignan.''

POR CUANTO la Ley No. 12 de 20 de abril de 1927, vigente desde esa fecha, ha enmendado el párrafo 2º que hemos copiado de la sección 2ª de la ley de 1916, reproduciendo casi textualmente las palabras de dicho párrafo, pero disponiendo que:

". . . . Las personas que se gradúen de abogados del Colegio de Leyes de la Universidad de Puerto Rico a partir del curso escolar correspondiente al año 1927–28, éste inclusive, y que hubieren aprobado cuatro cursos anuales en dicha Facultad de Derecho y cursado además, un año, por lo menos, de estudios preparatorios en adición a los propios de la escuela superior, no estarán obligados a sufrir el examen expresado anteriormente; pero para que. el Tribunal Supremo de Puerto Rico pueda expedir y les expida al efecto la licencia para el ejercicio de la abogacía e inscriba sus nombres en el registro de abogados con derecho a ejercer la profesión en la Isla, el aspirante deberá presentar a dicho Tribunal Supremo su título de abogado debidamente autorizado y obtenido después de haber pasado, además de los exámenes anuales de cada asignatura de derecho, un examen final de graduación, teórico y práctico, que comprenderá todas las asignaturas de la carrera, de acuerdo con los reglamentos universitarios; Y disponiéndose, además, que los que a la terminación del curso escolar de 1926–27, hubieren aprobado los exámenes determinados en la sección tercera de la ley referida en el título de la presente, serán admitidos al ejercicio de la abogacía en igual forma que los que se gradúen a partir del curso escolar correspondiente al año de 1927–28, sin que a ellos sea aplicable el requisito de haber cursado un año por lo menos de estudios preparatorios, como anteriormente se dispone."

POR CUANTO Don Miguel A. García del Rosario, varón, mayor de 21 años de edad y ciudadano de los Estados Unidos, nos ha demostrado que ha sido un estudiante regular de la Facultad de Derecho de la Universidad de Puerto Rico con cuatro años de estudios en la misma y nos ha presentado su diploma de Bachiller en Leyes, expedido el 8 de junio de 1927 después de haber aprobado además de los exámenes anuales de cada asignatura de Derecho un examen final de graduación teórico y práctico comprensivo de todas las asignaturas de su profesión, de acuerdo con las

reglas de la Universidad, y también que tenía un diploma de escuela superior, cumpliendo así los requisitos exigidos por la ley para su admisión al ejercicio de la abogacía en las cortes de justicia de esta Isla, sin necesidad de sufrir el examen requerido para los títulos de otras universidades.

Por tanto: Se admite al peticionario al ejercicio de la abogacía previo informe favorable de la Comisión de Reputación de Abogados.